IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JACOB RUSSELL SPURLIN**                                                                                   **PETITIONER**

v.                              **No. 6:23-cv-6109-SOH**

**U.S. PROBATION OFFICE**                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On November 1, 2023, Jacob Russell Spurlin ("Spurlin") filed a Petition for *Habeas Corpus* Relief ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. The United States ("Respondent") filed a Response on December 22, 2023.[1] ECF No. 7. This matter is now ripe for consideration. The Court finds no evidentiary hearing is required.[2] The Petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition and Response and finds this Petition should be **DENIED**.

### I.    BACKGROUND

On April 1, 2016, Spurlin was sentenced to 84 months imprisonment and three years supervised release by this Court based on a conviction for Conspiracy to Distribute Methamphetamine. *See United States v. Jacob Spurlin,* No. 6:15-cr-60011 (W.D. Ark.) ECF No. 47.[3] He was released on supervised release on September 21, 2021. *Id.* at ECF No. 69.

---

[1] Spurlin's Petition names the United States Probation Office as the Defendant. However, as discussed in this Report and Recommendation, the proper Defendant is the Federal Bureau of Prisons. Accordingly, on November 17, 2023, the Court directed the United States to respond to the Petition. ECF No. 3.

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).

[3] There is a pending motion filed by Spurlin on October 27, 2023, in his criminal case requesting early termination of supervised release. ECF No. 72. The United States filed a Response on Decemer 1, 2023. ECF No. 73.

In the instant Petition Spurlin states: "Between May 10 2023 – May 30 2023 the USPO stopped the 91-120 days of halfway house". ECF No. 1, p. 2. When asked if he appealed the decision, filed a grievance, or sought any administrative remedy, he answered "No". *Id.* He describes the basis for his claim as "…USPO diene my half way house which was a part of my in custody time for the FBOP I was not on supervised release when USPO acted therefor out of capacity…". (ECF No. 1, p. 6). Spurlin requests the following relief:

> To give me ceridt for 120 days of halfway house off of my 36 months of supervisied release or terminate supervisied release and reimburst me for lost wages in the amount of $240,000 UDS as Im a ownse applsalee and that's my lost wages due to the interference of my rights to liberty and freedom by the USPO for Western Arkansas. And failure to provide due process under the law. As well I would like a s uss 241 242 Deprivation of Rights under Color of the law. Investagtion to the USPO for the said violation depevvation of rights under the color of the law. By a person or pseron who are officers of this Honnarable Court.

*Id.* at p. 7. A review of the exhibit attached to the Petition shows the Federal Bureau of Prisons ("BOP") considered designating Spurlin to a halfway house for 91-120 days as part of his scheduled September 21, 2021, release date. ECF No. 1-1, p. 3 However, according to the BOP document attached as the exhibit, the United States Probation Office for the Western District of Arkansas ("USPO"), "denied" the BOP request for Spurlin's release to a halfway house.

Respondent argues judicial review of decisions made by the BOP, including those related to halfway houses and home confinement, are precluded by 18 U.S.C. §3625 and Spurlin's Petition should be dismissed because he has no statutory or constitutional right to halfway house placement as part of his sentence of confinement. ECF No. 7.

## II.    DISCUSSION

### A.    28 U.S.C. § 2241

Federal *habeas corpus* review under 28 U.S.C. § 2241 is available to individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). Once a person is released from custody, their case becomes moot unless they can show a writ of *habeas corpus* can still provide them relief. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Claims for *habeas* relief under § 2241 include but are not limited to denial of sentence credits for good time and attacks on the execution of a sentence or the way the sentence is being carried out. *Reno v. Koray,* 515 U.S. 50, 52-53 (1995); *Bell v. United States,* 48 F.3d 1042, 1043-44 (8th Cir. 1995).

The United States Supreme Court has stated "actual, physical custody" is not a requirement for *habeas corpus*. *Jones v. Cunningham,* 371 U.S. 236, 239 (1963). It is well settled that an individual is "in custody" while under any major restraint on his or her liberty, including supervised release. *See Harvey v. State of D.D.,* 526 F.2d 840, 841 (8th Cir. 1975) ("This requirement of custody [for *habeas corpus*] has been equated with significant restraint on liberty, such as parole or release on the individual's own recognizance…" (citations omitted)); *see also Francis v. Maloney,* 798 F.3d 33, 37 (1st Cir. 2015) (explaining that "an individual serving a supervised release term satisfies the 'in custody' requirement").

Here, Spurlin was always either in the custody of the BOP or on Supervised Release relevant to this Petition. Therefore, he meets the "in custody" requirement for *habeas* relief. In addition, because Spurlin is seeking the application of time credits to his remaining term of supervised release, a *habeas* writ could still potentially provide him with relief. Accordingly, his Petition is not moot.

**B. Exhaustion of administrative Remedies**

A federal inmate must exhaust his administrative remedies before seeking *habeas* relief under §2241. *Willis v. Ciccone,* 506 F.2d 1011, 1015 (8th Cir. 1974). This requires compliance

with the BOP's four-step Administrative Remedy Program. *See* 28 C.F.R. §542.10(a).[4] Although this judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, *see Lueth v. Beach,* 498 F.3d 795, 797 n.3 (8th Cir. 2007), it is designed to serve several purposes including: (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level. *Mason v. Ciccone,* 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States,* 395 U.S. 185, 194-195 (1969)).

Spurlin admits he did not appeal, file a grievance, or seek any administrative remedy, with the BOP, before he filed his §2241 Petition. ECF No. 1, p. 2. Because he failed to exhaust his administrative remedies within the BOP before seeking *habeas* relief his Petition must be dismissed.

### C. Jurisdiction to consider this Petition

While it is certainly understandable why Spurlin believes the USPO could be liable for the decision not to release him to a halfway house based on the BOP "Needs Plan" attached to his Petition as exhibit 1, this belief is incorrect. The statement in the "Needs Plan" that the USPO "denied" his placement in a halfway house does not reflect the actual ability of the USPO to effectuate such an outcome even if it had desired to do so. Until Spurlin was released from the custody of the BOP to begin serving his term of supervised release, the USPO had no authority at

---

[4] Under BOP procedures, the inmate must first attempt to informally resolve the issue with prison staff. 28 C.F.R. § 542.13. If this is unsuccessful, the second step is to file a Request for Administrative Remedy form with the prison warden. *Id.* § 542.15(a). If the request is denied or the Warden fails to respond within twenty (20) days, the third step is to appeal to the BOP Regional Director. *Id.* §§ 542.15(a), 542.18. If the appeal is denied or the Regional Director fails to respond within thirty (30) days, the prisoner may appeal to the BOP General Counsel. *Id.* Once the General Counsel denies the claim or fails to respond within forty (40) days, the claim is considered administratively exhausted. *Id.* § 542.18. The regulations allow for the BOP to request an extension "once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level," so long as the inmate is notified in writing. *Id.*

all over the conditions of his confinement, including placement in a halfway house or any other form of re-entry program. All decisions regarding an inmate's placement during a term of confinement are left to the discretion of the BOP. *See* 18 U.S.C. § 3621(b). Judicial review of any decision of the BOP regarding his placement during his term of confinement is precluded by 18 U.S.C. §3625. Allowing prisoners to bring *habeas* petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. §3621 would be inconsistent with the language of 18 U.S.C. §3625. *See Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). Only if the BOP acts contrary to established federal law, violates the Constitution, or exceeds its statutory authority do courts have jurisdiction to review BOP action under the specified statutes. *See Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions . . . "). Accordingly, the Petition should also be denied because this Court lacks jurisdiction to consider the claims raised.

### III. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** Spurlin's Petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 31st day of January 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE